UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WANDA HAYTON,

        Plaintiff,                                  Case No. 2:05-cv-00302
                                                JUDGE GREGORY L. FROST
       v.                                           Magistrate Judge Mark R. Abel

K-MART MANAGEMENT
CORPORATION, et al.,

        Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's Motion for Leave to Amend Complaint (Doc. # 5) and Defendants' Combined Motion for Judgment on the Pleadings and Motion to Dismiss (Doc. #11). For the reasons that follow, the Court denies the motion to amend, but grants the combined motion for judgment on the pleadings and to dismiss.

### I. Background

Since October 1996, Plaintiff, Wanda Hayton, has worked for Defendant K-Mart Corporation ("K-Mart"). During this period of time she has held various positions within the company, including Operations Manager, the second-highest position in a Kmart store. During the period in which she held this position, Hayton's immediate supervisor was the store manager, Defendant Gary Hall.

According to Hayton, Hall repeatedly accused her in front of store employees of having a sexual relationship with the district manager. In April 2003, Hayton reported the incidents to the

company human resources office and met with the regional manager about the alleged issues. That same month, Hayton was reassigned to a lower level position after the elimination of the operations manager position. Hayton subsequently filed an October 2003 charge with the Ohio Civil Rights Commission ("OCRC") alleging sex discrimination and retaliation; this charge was also filed with the Equal Employment Opportunity Commission ("EEOC"). By the end of October 2004, both agencies had declined to pursue Hayton's allegations and she had received a right to sue letter.

Prior to issuance of this right to sue letter, Hayton had filed a second OCRC/EEOC charge concerning alleged retaliation related to the filing of her October 2003 charge. This second charge, filed in February 2004, resulted in the issuance of a second right to sue letter in February 2005.

Hayton then filed the instant case on March 30, 2005, asserting causes of action under Title VII, 42 U.S.C. § 2000e-2 *et seq.*, and Ohio Rev. Code §§ 4112.02 and 4112.99.[1] (Doc. # 1.) In July 2005, Hayton filed a motion seeking leave to file an amended complaint. (Doc. # 5.) K-Mart and Hall later filed a joint motion seeking judgment on the pleadings on Hayton's federal law claims and the dismissal without prejudice of her state law claims. (Doc. # 11.) This same document also contained a response opposing amendment of Hayton's pleading. The parties have completed briefing the issues involved in connection with these filings, and the motions are now ripe for disposition.

---

[1] Despite some initial confusion on Defendants' part, Hayton has clarified that she has not also alleged a claim under 42 U.S.C. § 1981(a)(1). (Doc. # 14, at 9 n.1.)

## II.  Motion to Amend

Plaintiff moves under Federal Rule of Civil Procedure 15(a) to amend her complaint to include nine revised or additional paragraphs related to asserted retaliation.[2]  The rule provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  The policy favoring liberal amendment embodied in this language is not absolute.  Rather, "leave to amend is properly denied where there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.' "  *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 698 (6th Cir. 2004) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

Review of the record indicates that there is no apparent bad faith or dilatory motive on Plaintiff's part.  Because this is the first attempted amendment of the pleading, there is also not a repeated failure to cure deficiencies by amendments previously allowed.  Further, given the

---

[2]  Federal Rule of Civil Procedure 16(b) does not affect Plaintiff's request to amend her pleading.  Rule 16(b) provides for the entry of an order setting forth the case schedule, which "shall not be modified except upon a showing of good cause and by leave of the district judge."  The Sixth Circuit has explained that both Rule 16(b) and 15(a) govern a motion to amend the complaint filed *after* the issuance of a scheduling order.  *Russell v. GTE Government Systems Corp.,* No. 04-3437, 2005 WL 1579718, at *6 (6th Cir. July 6, 2005) (citing *Dyer v. Casey*, No. 94-5780, 1995 WL 712765, at *3 (6th Cir. Dec. 4, 1995) (per curiam).  Therefore, "once a scheduling order's deadline passes, a party must first show good cause under Rule 16(b) for the failure to seek leave to amend prior to the expiration of the deadline before a court will consider whether the amendment is proper under Rule 15(a)."  *Hill v. Banks*, 85 Fed. Appx. 432, 433 (6th Cir. 2003).  Here, although the October 23, 2005 amendment date set by the Magistrate Judge has passed, Plaintiff filed her motion to amend well before both that date and the August 12, 2005 preliminary pretrial order (Doc. # 8).  Moreover, Plaintiff has demonstrated good cause for amendment after the expiration of the scheduling order date.

essentially early procedural posture of the case and the fact that the discovery deadline remains months away, the Court can discern no undue prejudice to the opposing parties that the amendment would cause. It is not apparent that the additions Plaintiff seeks would require Defendants to expend significant additional resources for discovery and trial preparation.

Defendants argue, however, that amendment of the complaint would be futile because Hayton's original pleading addressed *only* the substance of her October 2003 charge and any claims based on the February 2004 charge fail to relate back to that pleading and are thus time barred. This argument turns on whether the new allegations raised in the amended pleading arise from a different transaction or occurrence than the original pleading's allegations. In addition to this relation back argument, there is also the remaining related issue of whether Hayton unduly delayed in asserting the claims contained within her proposed amended pleading.

The proposed amended complaint alleges generally an ongoing course of retaliation (Doc. # 6, at 5 ¶ 28) and presents additional specific allegations: (1) that Hayton was targeted for surveillance (Doc. # 6, at 6 ¶ 29), (2) that she was unfairly given a poor work performance evaluation (Doc. # 6, at 6 ¶ 30), and (3) that she was demoted a second time, from Area Manager to Department Manager, with a significant pay decrease (Doc. # 6, at 6 ¶ 31). In connection with these allegations and the February 9, 2004 charge, the amendments also summarizes the proceedings before the OCRC and the EEOC. (Doc. # 6, at 6-7 ¶¶ 32-34.)

These amendments must "relate back" to the date of the original pleading. This means that "the claim or defense [must arise] out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2). Hayton asserts that

she satisfies this requirement because her proposed amendments describe a continuing pattern of retaliation in response to her complaints about sexual harassment in violation of Title VII and Ohio Rev. Code Chapter 4112.  There is some authority–not controlling–that when construed liberally stands for the proposition that the amended content can, in fact, relate back to the original complaint.  *See Davis v. Univ. of Chicago Hosp.*, 158 F.R.D. 129, 131 (N.D. Ill. 1994) (holding that retaliation claim in amended complaint related back to sex discrimination and related EEOC filing alleged in original pleading because, but for EEOC charge described in first pleading, there would be no retaliation).  *But see Landis v. Correctional Corp. of America-Leavenworth Detention Center*, No. CIV. A. 98-2320-GTV, 1999 WL 459338, at *2-3 (D. Kan. June 11, 1999); *Zakutansky v. Bionetics Corp.*, 806 F. Supp. 1362, 1365 (N.D. Ill. 1992).

But Hayton's arguments fail to carry the day.  It does not matter whether she can link the amendments to her earlier claims by alleging additional facts or a continuous course of misconduct because, as discussed below, claims on the alleged misconduct forming the basis for her October 2003 charge is time barred.  Such amendment would thus be futile.[3]

To the extent Hayton's amendments target alleged retaliation related to filing her second EEOC charge, Hayton was far beyond the 90-day filing window when she moved to amend her pleading.  *See* 42 U.S.C. § 2000e-5(f)(1).  Hayton received a right to sue letter on her second charge in February 2005, but she inexplicably failed to incorporate the actual allegations behind

---

[3] In *Davis*, 158 F.R.D. 129, the plaintiff had filed her initial complaint within 90 days of receiving her one right to sue letter and simply sought to add by amendment additional claims she asserted were related.  The *Davis* court did not focus on the issue of undue delay.  Here, however, Hayton essentially seeks to combine two EEOC letters without a sufficient explanation for delay.

5

that charge into her March 2005 Complaint.[4] She then waited until July 27, 2005 to move to amend her pleading. This period of delay far exceeds the statutory limit and–*regardless of whether there is relation back to the original complaint*–Hayton's actions constitute undue delay under the Court's Rule 15(a) analysis. Hayton has offered no satisfactory explanation for the delay, and this Court cannot discern any excuse that saves her curious litigation choices. She cannot impermissibly bootstrap a timely claim or claims by seeking amendment characterized by unexplained and undue delay.

Having considered the relevant factors discussed above, the Court concludes that in light of Hayton's undue delay, the interests of justice fail to support amendment Accordingly, the Court **DENIES** Hayton's motion to amend her complaint. (Doc. # 5.)

### III. Motion For Judgment on the Pleadings/Motion to Dismiss

K-Mart and Hall move for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), which provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." In considering such a motion, the Court must "construe the complaint in the light most favorable to plaintiff, accept all of the complaint's factual allegations as true, and determine whether plaintiff undoubtedly can prove no set of facts in support of h[er] claim[s] that would entitle h[er] to relief." *Ziegler v. IBP Hog*

---

[4] The Court recognizes that Hayton did in fact refer to the second right to sue letter in her initial pleading. (Doc. # 1, at 5.) But simply referencing the letter fails to set forth the actual substance of the specific retaliation claim embodied within that charge. Further, her initial complaint is misleading in that Hayton omits any mention of the first right to sue letter and sets forth a dubious chronology in which it appears at first blush that the February 2005 right to sue letter was issued in connection with her October 2003 charge. (Doc. # 1, at 5-6 ¶¶ 27-28.) It cannot fairly be said that Hayton's first complaint targets her second charge.

*Market, Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). *See also Mixon v. State of Ohio*, 193 F.3d 389, 400 (6th Cir. 1999). The Court need not, however, accept as true legal conclusions or unwarranted factual inferences. *Mixon*, 193 F.3d at 400.

With this standard in mind, the Court turns to the substance of Defendants' motion. It is well settled that "[t]he exhaustion of administrative remedies is a condition precedent to a Title VII or ADA action." *Williams v. Northwest Airlines, Inc.*, 53 Fed. Appx. 350, 351, 2002 WL 31856089, at *1 (6th Cir. 2002) (citing *Zipes v. TWA,* 455 U.S. 385, 392-98 (1982) (Title VII); *Parry v. Mohawk Motors of Mich., Inc.,* 236 F.3d 299, 309 (6th Cir.2000) (ADA), *cert. denied,* 533 U.S. 951 (2001)). *See also Marcum v. Oscar Mayer Foods Corp.*, 46 Fed. Appx. 331, 333, 2002 WL 31074691, at *1 (6th Cir. 2002). The Sixth Circuit Court of Appeals has explained:

> To exhaust administrative remedies, a plaintiff must file an EEOC charge within 180 days of the alleged unlawful employment practice or, if the plaintiff has instituted proceedings with a state or local agency, within 300 days. *See* 42 U.S.C. § 2000e-5(e). Once the EEOC dismisses the charge and issues a right-to-sue letter, the plaintiff has 90 days to file a civil action. *See* 42 U.S.C. § 2000e-5(f)(1).

*Williams*, 53 Fed. Appx. at 352, 2002 WL 31856089, at *1. *See also Marcum*, 46 Fed. Appx. at 333, 2002 WL 31074691, at *1. Relying on the foregoing statutory provisions, K-Mart and Hall argue that because Hayton's initial complaint targeted only the matters involved in the October 19, 2004 right to sue letter, her March 30, 2005 pleading fell outside the statute of limitations applicable to these claims. Further, Defendants argue, the February 4, 2004 charge and its February 10, 2004 right to sue letter do not alter or extend the limitations period, and the Sixth Circuit has squarely rejected application of the continuing violations doctrine in the § 2000e-

5(f)(1) context. *See Hollowell v. Michigan Consolidated Gas Co.*, 18 Fed. Appx. 332, 337 (6th Cir. 2001).

This Court agrees with K-Mart and Hall. The OCRC issued a no probable cause finding on September 9, 2004 with respect to Plaintiff's October 10, 2003 charge. On October 19, 2004, the EEOC issued a right to sue letter after adopting the findings of the OCRC. At that point, Hayton had ninety days from the date that notice is given of the right to sue. *See Graham v. Humphreys v. Memphis Brooks Museum of Art, Inc*, 209 F.3d 552, 557 (6th Cir. 2000) ("Notice is given and hence the 90-day limitations term begins running on the fifth day following the EEOC's mailing of a notification"). But she did not file this case until March 30, 2005. Hayton has thus attempted an impermissible end run around the statutory time limit that provides for a 90-day window of filing. Her claims of sex discrimination and retaliation related to her first charge, which resulted in the October 2004 right to sue letter, are clearly time barred. Hayton's second charge does not extend or revive the statute of limitations concerning the alleged events that gave rise to the first charge.

Hayton's reliance on *Davis v. University of Chicago Hospitals*, 158 F.R.D. 129, provides little support for her counterargument. The central issue in *Davis* was not whether that plaintiff could properly amend her pleading to assert additional facts that related to her timely filed claims. Rather, the core dispute in *Davis* was whether the plaintiff could add two retaliation counts; this issue does not inform the extant question of whether Hayton has timely filed her initial sex discrimination and retaliation claims arising from her October 2003 charge.

The Court thus concludes that the motion for judgment on the pleadings on Hayton's federal claims is well taken. This leaves for disposition the motion to dismiss without prejudice

Hayton's state law claims. Having dismissed Hayton's Title VII claims, the Court should presumptively should not address her various state law claims. *See Jackson v. Heh*, 215 F.3d 1326, 2000 WL 761807, at *8 (6th Cir. 2000) (unpublished table decision) (referencing 28 U.S.C. § 1367 and stating that "[w]here, as here, a federal court has properly dismissed a plaintiff's federal claims, there is a 'strong presumption' in favor of dismissing any remaining state claims unless the plaintiff can establish an alternate basis for federal jurisdiction.") (citing *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1998)). Hayton concedes in her memorandum in opposition[5] that "[a] court may decline supplemental jurisdiction if all federal claims have been dismissed before trial" (Doc. # 14, at 9), but argues that her federal claims are properly before the Court. As noted, this is incorrect, and Hayton has suggested no alternative basis for exercising jurisdiction over the state law claims. Accordingly, the Court in its discretion declines to exercise its supplemental jurisdiction over Hayton's remaining state law claims, *see* 28 U.S.C. § 1367(c)(3) and (4), and **GRANTS** the motion to dismiss said claims without prejudice.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Hayton's motion for leave amend her complaint (Doc. # 5) and **GRANTS** Defendants' combined motion for judgment on the

---

[5] The Court recognizes that Hayton has filed a combined timely memorandum in opposition to the motion for judgment on the pleadings/motion to dismiss and an untimely reply memorandum related to her motion to amend. The reply portion of that document was filed in contravention of the local court rules, *see* S.D. Ohio Civ. R. 7.2(a)(2), but given Defendants' apparent acquiescence to this filing (Doc. # 14, at 1 n.1) and in the interest of reviewing the merits of the issues with the benefit of the parties' full arguments, the Court declines to *sua sponte* strike the untimely portion of the filing.

pleadings on the Title VII claims and to dismiss without prejudice the state law claims (Doc. # 11).  The Clerk is instructed to enter judgment accordingly.

    **IT IS SO ORDERED**.

                                                                                                s/ Gregory L. Frost
                                                                                             GREGORY L. FROST
                                                                                             UNITED STATES DISTRICT JUDGE